## In re FREDERICK.

(No. 5,560.)

(Submitted June 30, 1924. Decided July 11, 1924.)

[227 Pac. 999.]

*Attorneys—Unprofessional Conduct—Use of Void Process to Collect Money—Mitigating Circumstances—Suspension.*

Attorneys—Use of Void Process to Collect Money—Extortion.
1.   One who knowingly uses a summons, writ of attachment or similar process purported to have issued from a justice of the peace court but which is void under section 9712, Revised Codes of 1921, because not completely filled out by the justice, and enforces collection by means of it, is guilty of extortion.

Same—Use of Void Process in Collection of Money—Mitigating Circumstances—Suspension.
2.   An attorney who, in violation of section 9712, above, in the enforcement of money claims made use of summonses and writs of attachment furnished him by a justice of the peace signed by the latter but the blanks in which were not filled out but were filled out by the attorney, though guilty of professional misconduct, *held*, sufficiently punished by suspension from office for a period of thirty days, in view of his youth and alleged ignorance of the fact that the practice was culpable, his previous irreproachable conduct and reputation, and his frankness in acknowledging his fault.

Disbarment Proceedings against R. D. Frederick, Attorney. Accused suspended for thirty days.

*Mr. Wellington D. Rankin,* Attorney General, for Complainant.

*Mr. Milton C. Gunn,* for Respondent.

MR. JUSTICE STARK delivered the opinion of the court.

On or about the first day of June, 1924, R. B. Van Wagenen, a justice of the peace of Whitefish township, Flathead county, presented to this court a written and verified complaint against R. D. Frederick, a duly licensed attorney of this court, who re-

---

1.   Effect of efforts to collect debt as extortion, see notes in 13 L. R. A. (n. s.) 77; L. R. A. 1917B, 1140.

Effect of error or irregularity in summons issued by justice of peace, see note in Ann. Cas. 1914A, 1085.

sides and practices his profession at Whitefish, in which he alleged that on February 19, 1924, said R. D. Frederick falsely and fraudulently made a copy of a complaint in an action entitled C. C. Cooke, Plaintiff, v. E. P. Aldrich and Mrs. E. P. Aldrich, as Defendants, purported to have been filed with complainant as justice of the peace, and did likewise make a purported copy of a summons and writ of attachment to which he signed the name of the said R. B. Van Wagenen, as justice of the peace, and did then and there deliver such papers to a constable of Whitefish township with directions to serve the same. This officer served the purported summons upon one of the defendants named therein, Mrs. E. P. Aldrich, and under the purported writ of attachment seized a trunk belonging to Mrs. Aldrich, who thereupon, and in order to release the same from the supposed levy, paid to the officer the sum of $10.74, the amount claimed to be due to the plaintiff in the purported action, and also the further sum of $4.40 as the purported costs of suit. It was further alleged that at the time these papers were delivered to the officer they were fictitious; that no such suit had been filed before the said Van Wagenen as justice of the peace, and no summons or writ of attachment had been issued thereon, all of which facts were well known to said Frederick, and by reason of these acts he was guilty of malpractice in so obtaining said money from Mrs. Aldrich.

Upon presentation of the complaint to the court Mr. Ralph E. Bancroft, a member of the bar of this court, was appointed to make an investigation of the facts alleged in the complaint and report the same to the court. After Mr. Bancroft made his report, the Van Wagenen complaint was ordered filed, a summons issued and served upon accused requiring him to appear on or before June 30 and answer the charges made against him. On June 21 he appeared with his counsel, filed his answer to the complaint, submitted certain documents in connection therewith, also made an oral statement, and submitted himself to an examination by the members of the court. Thereupon the attorney general asked for and was given until

June 30 to determine whether he would controvert the allegations and statements of the accused, at the expiration of which time he announced that he did not desire to reply to the matters alleged in the answer, as he was satisfied they were· all true.

There is no dispute about the facts. Using the complaint and answer together with all the papers and documents filed, as well as the statements made by the accused himself, these facts are as follows: Mr. Frederick is a young man who has practiced his.profession in Whitefish since about the year 1920, and had always been regarded highly in the community of his residence, and enjoys the confidence of the citizens of the community generally. Judge Pomeroy, the judge of the district court of Flathead county, in which Whitefish is located, spoke highly of him, and Judge Erickson, a former judge of the district court of said county, commended him without reservation. Many members of the bar of Flathead county consider him a man of sterling integrity; so it appears that he has heretofore been considered above reproach in the practice of his profession.

As above indicated, the complainant, R. B. Van Wagenen, is a justice of the peace in Whitefish. For quite a long time prior to the nineteenth day of February, 1924, an arrangement had existed between the complainant Van Wagenen and the accused Frederick, by which the complainant signed summonses and writs of attachment in blank, and left them with Frederick to be used in the commencement of actions before said justice of the peace whenever Frederick desired to use them and the justice of the peace was not immediately available for the purpose of issuing the same; also that there was a basket or receptacle in the office of Frederick in which it was customary for Frederick to deposit papers which were to be filed in the office of the complainant Van Wagenen, and that once each day or oftener the complainant went to Frederick's office and obtained all papers which were deposited in this basket and took them to his own office, where they were properly

filed; that both Frederick and the complainant Van Wagenen considered this basket as the property of Van Wagenen, and only papers intended to be filed with him were deposited therein. In addition, there was also an arrangement between Frederick and Van Wagenen by which Van Wagenen filed papers taken from the receptacle in Frederick's office without requiring the actual payment of fees in advance for filing the same, and that once or twice a month or oftener, if he desired to do so, Van Wagenen presented bills to Frederick for the amount of filing fees due to him under this arrangement, which were always paid. In connection with his answer and statements there was presented and filed a copy of a blank summons signed by R. B. Van Wagenen which was stated to be one of the summonses which had been left with Frederick for use in the manner indicated in his answer and also in the report of Mr. Bancroft. There were also presented numerous checks signed by the accused in favor of Van Wagenen, issued between the thirty-first day of July, 1923, and the twenty-third day of February, 1924, which seem to confirm the statement contained in the answer with reference to the arrangement for the payment of the fees of the justice of the peace.

Referring to the particular suit mentioned in Van Wagenen's complaint the facts disclosed are that at the time this suit was instituted Mrs. Aldrich was about to depart from Whitefish on an afternoon train, being at the time indebted to C. C. Cooke in a small amount. Frederick, acting as attorney for Cooke, prepared a complaint wherein Cooke appeared as plaintiff and E. P. Aldrich and Mrs. E. P. Aldrich were defendants, and also prepared an affidavit and undertaking on attachment, and deposited the same in the above-mentioned basket, and filled out and used a summons and writ of attachment which had been left with him, signed by Van Wagenen, and also made copies of the summons and writ of attachment by inserting the name of Van Wagenen as justice of the peace, and delivered the summons, writ and copies to an officer with instructions to serve them before the original complaint,

[71 Mont. 205.]

affidavit and undertaking on attachment had been filed with the justice of the peace, for the reason that the justice of the peace could not be found in time to get the papers filed before the train left. Thereupon the officer made service of the summons upon Mrs. Aldrich, and also levied upon her trunk at the station, and she, thinking that a valid levy of an attachment had been made upon her property, in order to release the same paid the amount of the claim of Cooke, and also paid the costs of the purported suit, amounting to $4.40. On the following day the officer returned the original papers to the justice of the peace, and asked that they be filed. The costs collected by the officer included a $2.50 filing fee for the justice of the peace, and this last-mentioned sum has never been paid to the justice, although in his answer and statement Frederick says he would have paid it over at any time had Van Wagenen presented a bill for the same in accordance with their previous arrangement and custom.

Section 9712, Revised Codes of 1921, expressly provides: [1] "The summons, execution, and other papers made or issued by a justice, except a subpoena, must be issued without a blank left to be filled in by another, otherwise it is void." This statute was intended to prevent just such practices as were indulged in by the complainant and the accused as disclosed by the record in this case.

One who knowingly uses a summons, writ of attachment or similar process purported to have issued from a justice court for the purpose of collecting money, which is not completely filled out by the justice before it is issued in accordance with the statute, is making use of a void process to enforce such collection, and thus obtains the money by means of acts which constitute extortion.

Under the undisputed facts in this record both Van Wagenen, the complainant, and Frederick, the accused, are [2] equally at fault, but in this proceeding we can deal only with the accused. In his answer and statements the accused indicated that, until complaint was made in this matter, he did not

realize the fact that the arrangement and practice entered into and pursued between himself and Van Wagenen were at all irregular, but that he is now fully aware of the fact that the same were culpable. The attitude of the accused in connection with this investigation has seemed to be entirely frank. He does not appear to have undertaken to conceal any facts connected with it. These matters, coupled with the fact that he has heretofore been a man of good reputation and standing, impel us to leniency.

It is therefore ordered that R. D. Frederick, a member of the bar of this state, be suspended as attorney and counselor for a period of thirty days, at the expiration of which time, upon payment of all costs incurred in this proceeding, he may resume the practice of law without further order.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN and COOPER concur.

MR. JUSTICE HOLLOWAY: I concur in the finding that the accused has been guilty of misconduct, but in my judgment much misconduct merits more severe punishment than that imposed.